MAGISTRATE'S CRIMINAL MINUTES - REMOVALS (Rule 5 & 5.1)    FILED IN OPEN COURT

DATE: 2/17/21 @ 4:33
TAPE: FTR
TIME IN COURT: 11 minutes

MAGISTRATE JUDGE  CHRISTOPHER C. BLY    COURTROOM DEPUTY CLERK: JAMES JARVIS

CASE NUMBER: 1:21-mj-151-CCB    DEFENDANT'S NAME: Verden Andrew Nalley
AUSA: Ryan Buchanan    DEFENDANT'S ATTY: Thomas Hawker
USPO / PTR: _____    ( ) Retained  ( ) CJA  (✓) FDP  ( ) Waived
✓ ARREST DATE 2/17/21

✓ Initial appearance hearing held.         ✓ Defendant informed of rights.
___ Interpreter sworn: _____

## COUNSEL

✓ ORDER appointing Federal Defender as counsel for defendant.
___ ORDER appointing _____ as counsel for defendant.
___ ORDER: defendant to pay attorney's fees as follows: _____

## IDENTITY / PRELIMINARY HEARING

✓ Defendant ORALLY WAIVES identity hearing.         ___ WAIVER FILED
___ Identity hearing HELD.    ___ Def is named def. in indictment/complaint; held for removal to other district.
___ Defendant ORALLY WAIVES preliminary hearing in this district only.    ___ WAIVER FILED
___ Preliminary hearing HELD.    ___ Probable cause found; def. held to District Court for removal to other district
___ Commitment issued. Detention hearing to be held in charging district

## BOND/PRETRIAL DETENTION HEARING

✓ Government motion for detention filed.  Friday  2/19/21 @ 2:00 pm
___ Pretrial hearing set for _____ @ _____  ( ) In charging district.)
___ Bond/Pretrial detention hearing held.
___ Government motion for detention  ( ) GRANTED  ( ) DENIED
___ Pretrial detention ordered.    ___ Written order to follow.
___ BOND set at _____    NON-SURETY    ___ SURETY
___ cash    ___ property    ___ corporate surety ONLY
___ SPECIAL CONDITIONS: _____

___ Defendant released.
___ Bond not executed. Defendant to remain in Marshal's custody.
___ Motion ( ___ verbal) to reduce/revoke bond filed.
___ Motion to reduce/revoke bond    ___ GRANTED    ___ DENIED
___ See page 2

Defendant was advised of the below order at today's proceeding.

## Order

Pursuant to the Due Process Protections Act, *see* Fed. R. Crim. P. 5(f), the government is directed to adhere to the disclosure obligations set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and to provide all materials and information that are arguably favorable to the defendant in compliance with its obligations under *Brady*; *Giglio v. United States*, 405 U.S. 150 (1972); and their progeny. Exculpatory material as defined in *Brady* and *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), shall be provided sufficiently in advance of trial to allow a defendant to use it effectively, and exculpatory information is not limited to information that would constitute admissible evidence.

The failure of the government to comply with its *Brady* obligations in a timely manner may result in serious consequences, including, but not limited to, the suppression or exclusion of evidence, the dismissal of some or all counts, adverse jury instructions, contempt proceedings, or other remedies that are just under the circumstances.